IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRUCE E. McCREE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-601-DRH |
| | ) |
| **W. A. SHERROD,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Bruce McCree, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

McCree raises just one claim in this action: he alleges that some cells at Greenville are overcrowded. Specifically, McCree states that in Housing Unit 3A, where he resides, 40 of the 100-square-foot, two-man cells are shared by just two men, while the other 20 two-man cells are shared by three men. Based upon B.O.P. Program Statement 1060.11, as well as other published standards advising on minimum cell size, McCree alleges that inmates assigned to these three-man cells are subjected to cruel and unusual punishment in violation of the Eighth Amendment.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

As McCree recognizes, the leading Supreme Court case addressing issues of overcrowding is *Rhodes v. Chapman*, 452 U.S. 337 (1981). In that case, the plaintiffs contended that the lodging of two inmates in a single cell ("double celling") constituted cruel and unusual punishment. The Supreme Court disagreed, concluding that "[a]t most ... double celling inflicts pain," *id.* at 348-349, but not the "unnecessary and wanton infliction of pain" that violates the Eighth Amendment. *Id.* at 346. The Court found that the Constitution "does not mandate comfortable prisons," *id.* at 349, and only those deprivations denying "the minimal civilized measure of life's necessities," *id.* at 347, are

sufficiently grave to form the basis of an Eighth Amendment violation.  In reaching this conclusion, the Court stated,

> Conditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment. . . . But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.

*Id.* at 347.   *See also Wilson v. Seiter*, 501 U.S. 294 (1991).

Although the Supreme Court has not yet spoken on the issue of triple-celling, at least two Courts of Appeal have done so, concluding that triple-celling is not per se unconstitutional.  *See, e.g. Hubbard v. Taylor*, 538 F.3d 229 (3rd Cir. 2008) (triple-celling of pretrial detainees in single-man cells was rationally related to managing overcrowded prison); *Strickler v. Waters*, 989 F.2d 1375, 1382 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824-25 (4th Cir. 1991).

In this case, McCree contends only that confining three men to a space designed for two, without more, is a constitutional violation.  This Court disagrees.  As explained by McCree, the primary problem of triple-celling is this:

> If an inmate in a three (3) man cell sleeps in one direction, his head is approximately two (2) feet away from an uncovered toilet.  If that same inmate sleeps in the opposite direction, his head is two feet from another inmate's anus or penis.

Complaint (Doc. 1 at p. 8).  The Court can empathize; neither of these options is ideal.  However, such sleeping arrangements do not "inflict unnecessary and wanton pain" upon an inmate, nor is an inmate denied "the minimal civilized measure of life's necessities."  Moreover, McCree makes no allegation that he has suffered any physical injury or harm due to these conditions.  In fact, McCree does not even allege that he, himself, is confined to one of these three-man cells.  Finally, McCree

makes no allegation that Defendant Sherrod has acted with the requisite mental intent of deliberate indifference in making housing assignments at Greenville.

In summary, McCree has failed to state a claim upon which relief may be granted, and his complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  McCree is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:   March 5, 2010.**

/s/     DavidRHerndon

**CHIEF JUDGE
UNITED STATES DISTRICT COURT**